F I L E D
10/29/2021
*Shirley Faust*
CLERK
Missoula County District Court
STATE OF MONTANA
By: Travis Seal
DV-32-2021-0001354-NE
Halligan, Leslie
1.00

Mark P. Dupont
Law Office of Mark Dupont
443 Osborn Avenue, Suite 105
Bigfork, MT 59911
Telephone: (406) 837-3363
Facsimile: (406) 837-3383
markdupont@dupontlawfirm.com

Attorney for Plaintiff

**MONTANA FOURTH JUDICIAL DISTRICT COURT, MISSOULA COUNTY**

| | |
|---|---|
| JESSE CONANT AND ADRIANA CONANT, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CINCINNATI INSURANCE COMPANY, a Corporation AND ZACHARY JOSEPH JACKSON AILES, an Individual <br><br> Defendants | Cause No.: _____ <br><br><br> COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff Jesse Conant ("Conant") by and through his attorney, Mark P. Dupont, and for his action for Declaratory Judgment pursuant to §27-8-201 and §27-8-202 MCA against the Defendant, The Cincinnati Insurance Company, an insurance corporation, for its violation of the Montana Unfair Claims Practice Act, §33-18-201 MCA and Jesse and Adriana Conant for their action against Zachary Ailes, an individual, for negligence, negligence per se, battery and loss of consortium state:

**The Parties**

1. Jesse Conant, an individual, is and was at all relevant times a resident of Flathead County, Montana.

2. Adriana Conant is the married spouse of Jesse Conant and at all times a resident of Flathead County, Montana

COMPLAINT AND DEMAND FOR JURY TRIAL

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

3. The Cincinnati Insurance Company ("Cincinnati Insurance") does insurance business within the state of Montana and at all times relevant insured Zachary Ailes' motor vehicle under two separate policies of insurance.

4. Defendant, Zachary Ailes, an individual, is a resident of Flathead County, Montana.

5. Venue is proper in Missoula County pursuant to §25-2-122(2)(c), MCA as Defendant Cincinnati Insurance's registered agent is CT Corporation, 3011 American Way, Missoula, MT 59808.

**The Incident**

6. On Friday July 12, 2019, at approximately 9:35 A.M. Plaintiff Conant was operating his vehicle entirely within his lane, heading west on US Highway 2 near MM 109, which is west of Kila, MT in Flathead County.

7. Nineteen-year-old Zachary Ailes ("Ailes") was following another vehicle at a high rate of speed, heading eastbound on US Highway 2 when he attempted to pass a semi-truck that was proceeding in front of him in the same direction.

8. Ailes vehicle was traveling in excess of the legal speed limit when it struck Conant's vehicle head-on in Conant's lane. The resulting collision, as shown below, totaled the truck Conant was operating.



COMPLAINT AND DEMAND FOR JURY TRIAL

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

9. The Montana Highway Patrol cited Ailes for careless driving and unsafe passing of the semi-truck [61-8-302(1)(1) MCA].

10. Conant suffered serious injuries as a result of the collision including but not limited to his head, cervical and lumbar spine, bilateral shoulder and upper extremities, bilateral knee and lower extremities, PTSD, cognitive injuries, has undergone surgery to both shoulders, elbows and wrists, is in need of a cervical operation which Cincinnati refuses to approve and provide the advance payment for said surgery and as of the date of this Complaint, Conant has not recovered and continues to receive care and treatment for said injuries.

11. As a result of the collision, Conant is unable to perform the physical requirements of his self-employment as a as a tree service specialist and a log truck driver and as a result has suffered economic losses and other special damages including incurring medical bills for his care and treatment.

## COUNT I

## DECLARATORY JUDGMENT ACTION AGAINST

## DEFENDANT THE CINCINNATI INSURANCE COMPANY

12. Conant repeats and realleges Paragraphs 1 – 11 above herein.

13. This Court has the legal authority to resolve the respective rights of Conant and the legal obligations of Cincinnati Insurance under The Uniform Declaratory Judgment Act, §§27-8-201 and 202 MCA. *Ridley v. Guaranty Nat. Ins. Co.* (1997) 286 Mont. 325 ¶3, *DuBray v. Farmers Insurance Exchange,* 307 Mont. 134 (2001).

14. Under the Montana Unfair Trade Practices Act, §33-18-201(6) & (13) MCA an insurer has an obligation to pay the medical expenses of an injured third-party tort victim when the liability of its insured is reasonably clear and when the medical expenses are reasonably clear that they are causally related to the accident in question. *Ridley v. Guaranty Nat. Ins. Co.* (1997) 286 Mont. 325 ¶4.

15. Under the Montana Unfair Trade Practices Act, §33-18-201(6) & (13) MCA an insurer has an obligation to pay the wage loss of an injured third-party tort victim when the liability of its insured is reasonably clear and when the wage losses are reasonably clear that they are causally

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

related to the accident in question. *DuBray v. Farmers Insurance Exchange,* 307 Mont. 134 (2001).

16. Ailes' liability is reasonably clear in that Ailes stuck Conant's vehicle head-on in Conant's traffic lane while Ailes was attempting to pass the semi-truck; and, as noted in ¶¶8-9 was speeding in violation of 61-8-303 MCA and cited for careless driving in violation of 61-8-302(1)(1) MCA.

17. At no time has Defendants denied their liability to Conant. In fact, Cincinnati's claims department has admitted liability in writing.

18. Even though it has been reasonably clear that Conant's injuries and wage loss were reasonable and causally related to the head-on collision, Defendant Cincinnati initially refused to advance pay any medical bills or wage loss. This necessitated Conant to file a Declaratory Judgment action on September 12, 2019, in this Court [Cause No. DV-32-2019-0001003-DK].

19. Ultimately the Parties reached an agreement under which Cincinnati agreed to advance pay Conant's wage losses and medical bills and the Declaratory Judgment action was dismissed without prejudice.

20. Cincinnati has paid $151,989.98 in medical bills but will not agree to approve the cervical surgery and make the necessary arrangements with the medical provider to guarantee payment even though there is no dispute that Conant sustained serious cervical injuries in the underlying collision or that surgery is reasonable and necessary. Conant has met with three separate orthopedic/neurological physicians, all of whom agree that surgery is necessary. Each provider prefers his own method of surgery to correct Conant's cervical injuries. That information and the supporting medical reports were provided to Defendant back on July 6, 2021. Since that date, Conant has sent additional information Cincinnati requested but again Cincinnati refused to approve the surgery and make arrangements to pay for the surgery.

21. Of the three offered types of surgery, Conant made the decision to undergo to the three-level artificial disc replacement for very specific reasons. The cost of the surgery is approximately $64,000.00. Conant does not have the financial ability to pay for the surgery and wait for Cincinnati to reimburse him.

22. Cincinnati Insurance is obligated to pay Conant's medical bills prior to final settlement as liability is reasonably clear and the injuries are casually related to the collision at issue. See *Ridley v. Guaranty Nat. Ins. Co.* (1997) 286 Mont. 325.

23. Cincinnati's refusal to pay for the cervical surgery has delayed the surgery and may now affect the outcome of said surgery. Cincinnati's refusal to approve the surgery has resulted in Conant's continued and unnecessary suffering.

24. Cincinnati Insurance failed to conduct a reasonable investigation before failing to agree to approve and advance the costs of the cervical surgery.

25. Cincinnati Insurance lacks a reasonable basis for failing to approve and advance the costs of the cervical surgery.

26. It is reasonably clear that Conant's wage loss is causally related to the head-on collision. To date Cincinnati has advanced $209,760.00 although the monthly payments, for the most part, were not paid on the first of the month as agreed upon and only after numerous letters in September 2020, December 2020, March 2021, and April 2021 among other months demanding payment per the stipulation.

27. Cincinnati Insurance's failure to pay Conant's medical bills or timely advance the wage loss violates the Montana Unfair Trade Practices Act, §33-18-201(6) & (13) MCA.

28. In the previous filed Declaratory Judgment Action Defendant Cincinnati stated that it had a policy of insurance in the amount of $500,000.00. It denied the existence of any other policy including any umbrella policy.

29. Only at a later date did Cincinnati acknowledge and disclose the fact it had a separate $50,000,000.00 policy which covered this incident in addition to the original $500,000.00 policy.

30. At no time has Cincinnati tendered the original $500,000.00 policy limits even though the damages, including general damages, exceed the original policy limits. Special damages, by themselves, exceed $370,000.00 to date.

31. In March 2021 Conant made a settlement demand on Cincinnati. Since that date Cincinnati has made no attempt to effectuate a prompt, fair and equitable settlement of claims in violation of the Montana Unfair Trade Practices Act, §33-18-201(6) & (13) MCA.

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

5

**COUNT II**

**NEGLIGENCE PER SE AGAINST DEFENDANT ZACHARY AILES**

32. Conant repeats and realleges Paragraphs 1 – 9 above herein.

33. That there was in existence at the time of the incident alleged a statute 61-8-303 MCA which Defendant Ailes violated by exceeding the posted maximum speed limit.

34. That there was in existence at the time of the incident alleged a statute 61-8-303 MCA which Defendant Ailes violated by failing to operate his motor vehicle in a careful and prudent manner so as not to unduly or unreasonably endanger the life, limb, property or rights of a person entitled to the use of the highway, including Conant.

35. That there was in existence at the time of the incident alleged a statute 61-8-303 MCA which Defendant Ailes violated by operating his motor vehicle at a rate of speed no greater than was reasonable and proper under the conditions existing at the point of operation taking into account the amount and character of traffic, the grade and width of the highway and the obstructions to the view ahead so as not to unduly or unreasonably endanger the life, limb, property or rights of a person entitled to the use of the highway, including Conant.

36. That there was in existence at the time of the incident alleged a statute 61-8-302(1) MCA which Defendant Ailes violated by failing to operate his vehicle in a careful and prudent manner so as not to unduly or unreasonably endanger the life, limb, property or rights of a person entitled to the use of the highway, including Conant.

37. That there was in existence at the time of the incident alleged a statute 61-8-325(1) MCA which Defendant Ailes violated by attempting to overtake a semi-truck when the oncoming lane was not clearly visible and free of oncoming traffic for a sufficient distance ahead to permit the overtaking and passing to be completely made without interfering with the safe operation of Conant's vehicle which was approaching from the opposite direction.

38. Each of these statutes were enacted for safety reasons, Plaintiff Jesse Conant belonged to the class of person(s) that was intended to be protected by the statute; and, further that the harm suffered by Conant was the type of harm the statutes were intended to protect or guard against.

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

COMPLAINT AND DEMAND FOR JURY TRIAL

39. That Defendant Ailes violation of each of the statutes constitutes negligence per se and Ailes is liable as a matter of law for Plaintiffs' damages.

40. That Defendant Ailes violation of the above statutes caused the following serious injuries to Conant including but not limited to his head, cervical and lumbar spine, bilateral shoulder and upper extremities, bilateral knee and lower extremities, PTSD, cognitive injuries, has undergone surgery to both shoulders, elbows and wrists, is in need of a cervical operation which Cincinnati refuses to approve and provide the advance payment for said surgery and as of the date of this Complaint Conant has not recovered and continues to receive care and treatment for said injuries.

41. That at the time of the incident Conant was self-employed as a tree service specialist and a log truck driver. Alpine Trucking of Kalispell was the log truck company. Alpine Arborust, was the tree service specialist company. Alpine Craftsman was the holding company for the above two companies. His spouse, Adriana Conant, had an ownership interest in these business. Defendant Ailes' violation of the above statutes caused Conant to be unable to perform the physical requirements of his self-employment as a tree service specialist and a log truck driver resuting in the closing of the businesses, economic losses, loss of profits to the business, lost wages and benefits and will in the future cause further losses including economic losses, lost profits, lost wages and benefits.

42. That Defendant Ailes' violation of the above statutes caused Conant to suffer pain and suffering and Conant will, in the future, have pain and suffering as a result of Defendants' negligence and Plaintiff's ability to work, labor and enjoy the normal pursuits of life has been impaired and lessened.

43. That Defendant Ailes' violation of the above statutes caused Conant to suffer mental and emotional suffering and distress which he will continue to experience in the future.

44. That Defendant Ailes' actions in causing the head-on collision constitutes malice in that he had knowledge of facts that his actions in attempting to pass a semi-truck would cause a head-on collision or that he intentionally disregarded these facts and that it created a high probability of injury to Conant by either deliberately proceeding to act in conscious or intentional disregard of the high probability of injury to Conant and/or deliberately proceeded

7

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

to act with indifference to the high probability of injury to Conant and thus is liable for punitive damages in the amount of $10,000,000.00 [27-1-220; 27-1-221(1)(2)a-b MCA].

### COUNT III

### NEGLIGENCE AGAINST DEFENDANT ZACHARY AILES

45. Conant repeats and realleges Paragraphs 1 – 9 above herein.

46. That Defendant Ailes was negligent in the operation of his vehicle at the time of the incident in that:

    a. He failed to stay in his lane and make no attempt to overtake the semi-truck that was proceeding in the same direction until the opposing lane was free and clear of oncoming traffic;

    b. He exceeded the posted maximum speed limit;

    c. He failed to operate his motor vehicle in a careful and prudent manner;

    d. He failed to keep a careful lookout for oncoming traffic prior to attempting to pass the semi-truck;

    e. He operated his motor vehicle at a rate of speed greater than was reasonable and proper under the conditions existing at the point of operation taking into account the amount and character of traffic, the grade and width of the highway and the obstructions to the view ahead;

    f. He drove his vehicle in the wrong lane causing a head-on collision with the vehicle Conant was operating; and,

    g. He operated his vehicle in violations of 61-8-303, 61-8-325, 61-8-302, 61-8-303 MCA,

47. That Defendant Ailes' negligence was a cause of the following serious injuries to Conant including but not limited to his head, cervical and lumbar spine, bilateral shoulder and upper extremities, bilateral knee and lower extremities, PTSD, cognitive injuries, has undergone surgery to both shoulders, elbows and wrists, is in need of a cervical operation which Cincinnati refuses to approve and provide the advance payment for said surgery and as of the date of this Complaint Conant has not recovered and continues to receive care and treatment for said injuries.

48. That at the time of the incident Conant was self-employed as a tree service specialist and a log truck driver. Alpine Trucking of Kalispell was the log truck company. Alpine Arborust, was

COMPLAINT AND DEMAND FOR JURY TRIAL

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

the tree service specialist company. Alpine Craftsman was the holding company for the above two companies. His spouse, Adriana Conant, had an ownership interest in these business. Defendant Ailes' negligence was a cause of Conant to be unable to perform the physical requirements of his self-employment as a tree service specialist and a log truck driver resuting in the closing of the businesses, economic losses, loss of profits to the business, lost wages and benefits and will in the future cause further losses including economic losses, lost profits, lost wages and benefits.

49. That Defendant Ailes' negligence was a cause of Conant to suffer pain and suffering and Conant will, in the future, have pain and suffering as a result of Defendants' negligence and Plaintiff's ability to work, labor and enjoy the normal pursuits of life has been impaired and lessened.

50. That Defendant Ailes' violation of the above statutes caused Conant to suffer mental and emotional suffering and distress which he will continue to experience in the future.

51. That Defendant Ailes' actions in causing the head-on collision constitutes malice in that he had knowledge of facts that his actions in attempting to pass a semi-truck would cause a head-on collision or that he intentionally disregarded these facts and that it created a high probability of injury to Conant by either deliberately proceeding to act in conscious or intentional disregard of the high probability of injury to Conant and/or deliberately proceeded to act with indifference to the high probability of injury to Conant and thus is liable for punitive damages in the amount of $10,000,000.00 [27-1-220; 27-1-221(1)(2)a-b MCA].

## COUNT IV

### BATTERY AGAINST DEFENDANT ZACHARY AILES

52. Conant repeats and realleges Paragraphs 1 – 9 and above herein.

53. That Defendant Ailes committed a battery with his vehicle on Conant by directly and intentionally bringing about harmful contact with the person of Conant by Ailes crashing the vehicle he was operating directly into Conant's vehicle.

54. That the battery committed on Conant by Defendant Ailes was a cause of the following serious injuries to Conant including but not limited to his head, cervical and lumbar spine, bilateral shoulder and upper extremities, bilateral knee and lower extremities, PTSD, cognitive injuries,

9

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

has undergone surgery to both shoulders, elbows and wrists, is in need of a cervical operation which Cincinnati refuses to approve and provide the advance payment for said surgery and as of the date of this Complaint Conant has not recovered and continues to receive care and treatment for said injuries.

55. That at the time of the incident Conant was self-employed as a tree service specialist and a log truck driver. Alpine Trucking of Kalispell was the log truck company.  Alpine Arborust, was the tree service specialist company.  Alpine Craftsman was the holding company for the above two companies.  His spouse, Adriana Conant, had an ownership interest in these business. That the battery committed on Conant by Defendant Ailes was a cause of Conant to be unable to perform the physical requirements of his self-employment as a tree service specialist and a log truck driver resuting in the closing of the businesses, economic losses, loss of profits to the business, lost wages and benefits and will in the future cause further losses including economic losses, lost profits, lost wages and benefits.

56. That the battery committed on Conant by Defendant Ailes was a cause of  Conant to suffer pain and suffering and Conant will, in the future, have pain and suffering as a result of Defendants' negligence and Plaintiff's ability to work, labor and enjoy the normal pursuits of life has been impaired and lessened.

57. That the battery committed on Conant by Defendant Ailes caused Conant to suffer mental and emotional suffering and distress which he will continue to experience in the future.

58. That Defendant Ailes' actions in causing the head-on collision constitutes malice in that he had knowledge of facts that his actions in attempting to pass a semi-truck would cause a head-on collision or that he intentionally disregarded these facts and that it created a high probability of injury to Conant by either deliberately proceeding to act in conscious or intentional disregard of the high probability of injury to Conant and/or deliberately proceeded to act with indifference to the high probability of injury to Conant and thus is liable for punitive damages in the amount of $10,000,000.00 [27-1-220; 27-1-221(1)(2)a-b MCA].

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

**COUNT V**

**PLAINTIFFS ADRIANA CONANT**

**FIRST CAUSE OF ACTION AGAINST DEFENDANT ZACHARY AILES**

**(LOSS OF CONSORTIUM)**

59. Plaintiff Adriana Conant realleges each and every allegation of Paragraphs 1 through 58 as though fully set forth herein.

60. At all times relevant, Plaintiff Adriana Conant was the lawfully married spouse of Jesse Conant.

61. Prior to sustaining his injuries Conant was able to perform his duties as Adriana Conant's spouse.  As a result, and for a time period after sustaining his injuries, Conant has been unable to perform work and his duties as a spouse.  As a result, Adriana has been deprived of the consortium of her spouse, she has had to perform a number of duties of her spouse, she has had to provide care and medical treatment for her spouse and has lost days of work from her employment to care and treat for her husband, all to Adriana Conant's damages.

WHEREFORE, as to Count I, Plaintiff Jesse Conant requests that this Court:

1. Enter a Declaratory Judgment finding that The Cincinnati Insurance Company is obligated to pay Plaintiff Jesse Conant's medical expenses causally related to the head-on collision caused by its insured Zachary Ailes and specifically advance payment for the cervical surgery;

2.  Enter a Declaratory Judgment ordering that The Cincinnati Insurance Company pay all of Plaintiff Jesse Conant's medical expenses causally related to the head-on collision caused by its insured Zachary Ailes and specifically advance payment for the cervical surgery;

3. Enter a Declaratory Judgment ordering that The Cincinnati Insurance Company pay Plaintiff Jesse Conant's costs and attorney's fees;

4. For costs of suit; and

5. For such other and further relief as the Court may deem proper.

11

COMPLAINT AND DEMAND FOR JURY TRIAL

WHEREFORE, as to Counts II – V, Plaintiffs Jesse Conant and Adriana Conant request that this Court enter a verdict as to Defendant Ailes:

    a.  For general damages, in a sum according to proof;

    b.  For medical, incidental and related expenses, past and future, in a sum according to proof;

    c.  For their economic losses including but not limited to the closing of their businesses, loss of profits, lost wages and  lost benefits and will in the future cause further losses including economic losses, lost profits, lost wages and benefits in a sum according to proof;

    d.  For loss of benefits in a sum according to proof;

    e.  For punitive damages in the amount of $10,000,000.00;

    f.  For costs of suit; and,

    g.  For such other and further relief as the Court may deem proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff, Jesse Conant and Adriana Conant, hereby demands a trial by jury pursuant to Rule 38(b) M.R.Civ.P.

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

COMPLAINT AND DEMAND FOR JURY TRIAL

Dated this 28th day of October, 2021.

MARK P. DUPONT LAW OFFICE

*Mark Dupont*

Mark P. Dupont
Law Offices of Mark Dupont
443 Osborn Avenue, Suite 105
Bigfork, MT 59911
Attorney for Plaintiffs

MARK P. DUPONT
Attorney at Law
443 Osborn Avenue – Suite 105
Bigfork, Montana 59911

13

COMPLAINT AND DEMAND FOR JURY TRIAL