IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE CONANT AND ADRIANNA CONANT,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CINCINNATI INSURANCE COMPANY, a Corporation AND ZACHARY JOSEPH JACKSON AILES, an Individual,<br><br>Defendants. | CV 22–92–M–DLC<br><br><br>ORDER |

Before the Court is Plaintiffs Jesse Conant's and Adrianna Conant's Motion to Remand. (Doc. 9.) The Conants seek remand of this matter back to Montana's Fourth Judicial District Court and an award of the fees incurred in bringing this motion. (*Id.* at 1.) For the reasons stated herein, the motion will be denied.

**BACKGROUND**

In June 2016, Defendant Zachary Ailes, a minor, moved to Montana to attend the Montana Academy. (Doc. 11-1 at 2.) In August 2017, as part of the Montana Academy program, Ailes moved to Kalispell, Montana and began attending Flathead High School. (*Id.*) Ailes reached the age of majority on January 1, 2018 (*id.* at 13) and graduated from Flathead High School in June 2018 (*id.* at 2). After graduating high school, Ailes left Montana, traveling abroad before

1

beginning college at Hillsdale College in Michigan in the fall of 2018.  (*Id.* at 2–3.)

In November 2016, Ailes' parents purchased a home in Florida and began to reside there.  (*Id.* at 2.)  From that point forward, although he was attending secondary school in Montana, Ailes listed this address as his primary residence and paid federal income taxes in Florida.  (*Id.* at 4; Doc. 13.)  After graduating, Ailes kept his personal property either at this house in Florida or with him at Hillsdale College.  (Doc. 11-1 at 4.)   Ailes has registered to vote in Florida,[1] cast a ballot in that state in 2020, obtained a resident concealed weapons permit, and obtained a resident-only saltwater shoreline fishing license.[2]  (*Id.* at 4–5, 14.)

After his first year of college concluded, Ailes decided to take a trip to Montana with some friends, arriving on July 7, 2019.  (*Id.* at 3.)  This was his first time back in Montana since he had graduated high school in the spring of 2018.  (*Id.*)  While in Montana, on July 12, 2019, Ailes was involved in a motor vehicle

---

[1] It appears Ailes was registered to vote in Montana at some point (he would have turned 18 a few months before he graduated high school), but at least as of November 2021 (and likely long before) this registration was inactive.  (Doc. 10-4 at 3–4, 16.)

[2] The Court takes judicial notice, *see* Federal Rule of Evidence 201(b)(1), (c)(1), that the saltwater shoreline fishing license Ailes obtained is only available to Florida residents.  *See* Florida Fish and Wildlife Conservation Commission, *Saltwater Shoreline Fishing Information*, https://myfwc.com/license/recreational/saltwater-fishing/shoreline-faqs/ (last visited August 2, 2022) (noting resident licenses are free and "[n]on-residents are not eligible for this license").  Ailes also points to an Alligator Trapping Agent license, (Doc. 11-1 at 15), but this Court judicially notices such licenses are available to non-residents (meaning the fact that Ailes has one is not as probative to the issue of domicile, discussed in detail below).  *See* Florida Fish and Wildlife Conservation Commission, *Licenses and Permits: Alligator Trapping "Agent" License,* https://myfwc.com/wildlifehabitats/wildlife/alligator/harvest/hunt-guide/licenses-and-permits/ (last visited August 2, 2022).  In obtaining both licenses, however, Ailes listed the Florida residence his parents purchased in 2016 for his mailing address.  (Doc. 11-1 at 14–15.)

accident when his truck collided with a vehicle driven by Jesse Conant. (*Id.* at 9–12.) At the time, Ailes was driving his vehicle, which bared Florida license plates, and was using his Florida driver's license. (*Id.* at 3–4, 13.) The law enforcement crash report lists Ailes' address as the house in Florida bought by his parents in 2016. (*Id.* at 9.)

The Conants filed suit against Ailes, and his insurer, The Cincinnati Insurance Company, in Montana State Court on October 29, 2021. (*See generally* Doc. 1-1.) This lawsuit brings several state law claims stemming from the July 12, 2019, accident. (*Id.*) The operative complaint alleges the Conants and Ailes are Montana residents. (*Id.* at 1–2.) No residency or citizenship allegation is made as to Cincinnati. (*See Id.* at 2.) With Cincinnati's consent, Ailes removed the lawsuit to this Court on May 18, 2022. (Doc. 1.) The notice of removal argues this Court has diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(b). (*Id.* at 2.) The Contants have moved to remand based on incomplete diversity, arguing that Ailes, like themselves, is a Montana resident. (*See generally* Doc. 9.) For the reasons stated herein, the Court disagrees and denies the motion.

## ANALYSIS

"The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

3

The act of Congress at issue here permits the removal of actions filed in state court when they fall within the original jurisdiction "of the district courts of the United States." 28 U.S.C. 1441(a).  District court have original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).  Exercise of the jurisdiction conferred by this statute is textually conditioned on "complete diversity," meaning "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Id.* at n.3.

In other words, when a defendant is sued in state court they may remove the action to federal court as long as the amount in controversy is over $75,000 and each defendant hails from a different state than the plaintiff(s).[3]  Although "diversity of citizenship is [ordinarily] assessed at the time the action is filed," *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), the Supreme Court has endorsed the notion that in removal cases, diversity should be assessed "at the time of removal," *see Caterpillar Inc.*, 519 U.S. at 471.  Putting these two temporal assessments together, the Ninth Circuit requires complete diversity both at the "time the complaint is filed *and* removal is effected." *Strotek*

---

[3] There is another limitation worth mentioning here—which prevents a defendant from removing a case based on diversity jurisdiction (even when such jurisdiction exists) if they are "a citizen of the State" where "the action is brought." 28 U.S.C. § 1441(b)(2); *see also Caterpillar Inc.*, 519 U.S. at 472.  Relevant here, if the Conants were correct that Ailes is a Montana citizen for diversity jurisdiction purposes, then his removal of this case could be invalidated on that statutory basis alone.

*Corp. v. Air Trans. Ass'n of Am.*, 300 F.3d 1129, 1132 (9th Cir. 2002) (emphasis added).

At this point, it is helpful to note that nobody disputes the following facts: (1) the Conants, at the time this action was filed and removed, were citizens of Montana; (2) Cincinnati, at the time this action was filed and removed, was a citizen of Ohio; and (3) the amount in controversy exceeds $75,000. (Docs. 1 at 2; 2 at 2; 9 at 2; 10-1 at 2.) Consequently, the inquiry is whether Ailes is fairly characterized as a Montana citizen when the complaint was filed—October 29, 2021—and when it was removed to this Court—May 18, 2022. (Docs. 1; 1-1.)

For human beings, like Ailes, state citizenship is determined by "state of domicile, not [] state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person is domiciled in their "permanent home" which is where they reside "with the intention to remain" or where they "intend[] to return." *Id.* (adding "Residence is physical, whereas domicile is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode, though, to be sure, domicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth. Residence is not an immutable condition of domicile"). In this case, the Court concludes Ailes was not domiciled in Montana either at the time the underlying lawsuit was filed or when the notice of removal was filed.

The Court begins by noting that before the accident occurred Ailes spent about two years in Montana finishing his secondary education. But this does not mean he was ever domiciled here. For most of his time here, Ailes was a minor, and a minor's domicile is generally "determined by reference to that of some other persons," such as the minor's parents. *Safeco Ins. Co. of Am. v. Mirczak*, 662 F.Supp. 1155, 1157 (D. Nev. 1987). Ailes' affidavit establishes that during this period, his parents were domiciled in Florida, where they resided and owned the family's primary residence. (Doc. 11-1 at 2.) Even during the few month period when Ailes was 18 but still residing in Montana, the Court cannot fairly conclude he was domiciled here. Indeed, immediately after graduating Ailes left Montana for college in Michigan, only to return for a vacation a year later.

If he was not domiciled in Montana prior to graduating high school and leaving for college, it is difficult for the Court to conclude he has become domiciled here at any time since then. Indeed, all the tell-tale signs of domicile point to Florida. Ailes maintains his primary residence there, he votes there, pays federal income taxes there, and maintains resident only permits there, such as for a concealed weapon and saltwater shoreline fishing. The Conants' reference to Ailes' Facebook page and a newspaper article from 2018 is unavailing. On this Facebook page Ailes maintains, his "Current city" is listed as "Kalispell, Montana." (Doc. 10-2 at 17.) There was also a *Tribune Chronicle* article

published on October 15, 2018, which noted that Ailes was "a freshman in college" who hoped to eventually enter "politics in his new home in Montana, where he raises horses." (Doc. 10-4 at 4.)

The Court finds Ailes' explanations about these items entirely plausible. Specifically, Ailes avers he would have listed Kalispell on his Facebook page back when he lived there in 2017 and 2018 and that the article, which does not utilize direct quotes, stemmed from him telling the reporter he had previously lived in Montana and hoped to return one day. (Doc. 11-1 at 5.) The Court is persuaded Ailes has simply not updated his listed residence on this social media page since he graduated high school. Moreover, the article, combined with Ailes' clarification, can at best be read for the proposition that Ailes had enjoyed his time in Montana and hoped to return. But since then, the evidence in the record only points to him being domiciled in Florida.

The Court need not say more. At both the time this lawsuit was filed in Montana state court and at the time it was removed to this Court, Ailes was domiciled, if anywhere, in Florida, not Montana. As such, he is not a citizen of Montana for diversity purposes. Consequently, this Court can properly exercise diversity removal jurisdiction in this case. Nobody will be awarded costs or fees expended in filing or responding to the Conants' remand motion.

Accordingly, IT IS ORDERED the remand motion (Doc. 9) is DENIED.

The previously ordered preliminary pretrial conference (Doc. 8) will proceed as scheduled.

DATED this 2nd day of August, 2022.

_____
Dana L. Christensen, District Judge
United States District Court